**STONE & MAGNANINI LLP**
David S. Stone (*Pro Hac Vice* Application Forthcoming)
100 Connell Drive, Suite 2200
Berkeley Heights, NJ 07922
Tel: (973) 218-1111
Fax: (973) 218-1106

**BESHADA FARNESE LLP**
Peter J. Farnese (SBN 251204)
pjf@bfllplaw.com
700 South Flower St., Suite 1000
Los Angeles, California 90017
Telephone:    310-356-4668
Facsimile:    310-388-1232

*Attorneys for Plaintiff
Telebrands Corp.*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELEBRANDS CORP., <br><br> Plaintiff, <br><br> v. <br><br> VINDEX SOLUTIONS LLC, CORNERSTONE TRADING LLC, GLORIA BUSINESS, INC., TECHNO ZONE, LLC, OKAPI, LLC, HENAN DERUN NEW MATERIAL TECHNOLOGY CO, LTD., SHEN ZHEN HEI SHI INVESTMENT LTD., and XNH US, <br><br> Defendant. | CASE NO.: 5:21-cv-00898-BLF <br><br> **PLAINTIFF TELEBRANDS CORP.'S RESPONSE TO THE COURT'S FEBRUARY 8, 2021 ORDER RE: SERVICE OF NOTICE TO DEFENDANTS** <br><br> TRO Hearing Date: February 11, 2021 <br> Time: 9:00 am <br> Crtm: Zoom Hearing <br><br> Complaint Filed: February 4, 2021 <br> Trial Date: [None Set] |

Plaintiff Telebrands Corp. ("Telebrands") provides the following update on the steps it has taken to serve Defendants and respectfully requests that the Court provide further guidance as to the upcoming oral argument before this Court on February 11, 2021.

### A. The Court's Order Setting the TRO Hearing And Directing Email Service of the Order on Defendants

In Telebrands' application to the Court filed on February 4, 2021, Telebrands sought an Order authorizing bifurcated and alternative service of process, permitting it to serve Defendants by email where it was possible and to serve the remaining Defendants via Amazon as that was the only method of communication it could locate. *See* Declaration of Michael A. Clore, dated February 9, 2021 ("Clore Cert."), ¶ 3. On February 8, 2021, this Court entered an Order directing Telebrands to serve Defendants with notice of the Order, and to file proof of service. *See* Dkt. No. 10; *see also* Clore Cert. at ¶ 4. . Specifically, the February 8, 2021 order directed Telebrands to serve Defendants with notice of the order via email; however, Telebrands was not in possession of valid, individual emails for every Defendant. *Id.* at ¶ 5. Telebrands was unclear whether the Court also intended to authorize it to serve the remaining Defendants via Amazon Sellers Messaging Assistant. *Id.*

### B. Summary of Telebrands' Attempts to Serve Defendants

Further investigation revealed that most of Defendants did not appear to have actual email presence on the internet and appeared to be shell companies. In addition, those emails that Telebrands thought it possessed were actually inoperable. *Id.* at ¶ 6. This supports Telebrands belief that Defendants are all sham companies, who purposely avoid providing any contact information in order to more anonymously take advantage of and trade on the success and popularity of companies such as Telebrands with the belief that they will not be caught by avoiding service. *Id.*

Accordingly, endeavoring to comply to the extent possible with the Court's February 8, 2021 Order, Telebrands successfully caused to be served on all Defendants the February 8, 2021 Order via email through the Amazon Seller Messaging Assistant. *Id.* at ¶ 7; *see also Id.* at Ex. A. The Amazon Seller Messaging Assist permits consumers or other interested parties to send email messages to Amazon sellers through Amazon's servers. *Id.* at ¶ 8. However, while Telebrands was able to serve Defendants with notice of the February 8, 2021 Order, the limitations of the Amazon Seller Messaging

Assistant did not permit attachment of documents the size of the complaint, brief and other moving papers. *Id.* at ¶ 9.

Having discovered that fact, Telebrands endeavored to serve Defendants VindEx Solutions LLC, Cornerstone Trading LLC, Gloria Business, Inc., Techno Zone, LLC, and Okapi, LLC with its moving papers via overnight mail. *Id.* at ¶ 10. However, in light of Covid-19, Telebrands was unable to locate any overnight mail services that were open by the time it contacted them. *Id.* Accordingly, on or about February 9, 2021, as early as possible, Telebrands served those defendants whose addresses it knew by overnight mail. *Id.* at ¶ 11. Telebrands also gave notice to all Defendants that to the extent it could not serve them the documents physically, if they wanted copies of those moving documents, it would promptly provide them with the documents in electronic format if they wanted copies. *Id.* at ¶ 12; *see also Id.* at Ex. B.

Telebrands has received a number of responses through the Amazon Seller Messaging Assistant which confirm that this method of communicating with Defendants has proven effective. *Id.* at ¶ 13.

Based on the foregoing, the following Defendants have been served with the February 8, 2021 Order, and by February 10, 2021 will also be served with and the moving papers: (1) VindEx Solutions LLC; (2) Cornerstone Trading LLC; (3) Gloria Business, Inc.; (4) Techno Zone, LLC; and (5) Okapi, LLC. *Id.* at ¶ 14. The remaining Defendants, Henan Derun New Material Technology Co., Ltd., Shen Zhen Hei Shi Investment ltd., and XNH US, have been served with the Order but not the moving papers. *Id.* at ¶ 15.

C.  **Request for Clarification of Order Requiring Service By Email**

Telebrands respectfully requests assistance from the Court as to whether the Court wants to continue forward with the oral argument scheduled for Thursday, February 11, 2021 given the state of the matter with Defendants that were served with the Order on Monday, but have not yet received the moving papers, or if the Court would prefer to defer this matter until some time in the following week when Telebrands can ensure that all Defendants have been served.

1   While Telebrands wants relief at the earliest possible time, it also wants to ensure that it has
2   complied with the Court's notice requirements and satisfied the Court that at a minimum all
3   Defendants have notice of this hearing

5   DATED: February 9, 2021            **STONE & MAGNANINI LLP**
                                       David S. Stone, *pro hac vice forthcoming*

    **BESHADA FARNESE LLP**

    By:    s/ Peter J. Farnese
           Peter J. Farnese

    *Attorneys for Plaintiff*
    *Telebrands Corp.*